UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MIDLAND DIVISION

CASE NO. 7:18-cv-164

DEMARCUS DAVID,

        Plaintiff,

vs.

PRIDE TRANSPORT SERVICES, LLC,

        Defendant.
_____/

## COMPLAINT
*[Jury Trial Demanded]*

Plaintiff, DEMARCUS DAVID, for his Complaint against Defendant, PRIDE TRANSPORT SERVICES, LLC, states and alleges the following:

### SUMMARY

1. PRIDE TRANSPORT SERVICES, LLC, (hereinafter "Defendant" or "PRIDE") required and/or permitted DEMARCUS DAVID (hereinafter "Plaintiff") to work, but he was terminated before receiving his last paycheck, and Defendant has refused to compensate Plaintiff his proper compensation for his last two weeks of employment.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate employees minimum wage for all hours worked. See, 29 U.S.C. § 206(a).

3. Plaintiff is an FLSA non-exempt worker who has been denied pay required by law, for which she now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5. Venue is proper in this judicial district because Defendant engages in business here and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## THE PARTIES

6. Defendant PRIDE is a domestic limited liability corporation with its principle place of business in San Angelo, Texas.

7. Plaintiff DEMARCUS DAVID is a resident of Seagraves, Texas.

## COVERAGE

8. Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12. In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

13. At all times material hereto, in furtherance of Defendant's operations, Plaintiff individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities

of interstate commerce, thus affording him the protections of the FLSA.

## FACTUAL ALLEGATIONS

14. Defendant engaged in the business of providing sand and proppant transportation services to its clients.

15. Plaintiff DAVID began working for Defendant on or about May 9, 2017 as a truck driver and continued employment with Defendant until on or about May 1, 2018.

16. Plaintiff DAVID approximates that he worked approximately over 55 hours per week for Defendant, including his last two weeks of employment.

17. Defendant hired Plaintiff DAVID on a commission basis, receiving 25% of all loads he transported, approximately over $1,200 a week, depending on the amount of hauls.

18. Defendant refused to compensate Plaintiff any compensation whatsoever for his last two weeks of employment.

19. Plaintiff DAVID estimates that he is owed over $2,800.00 in unpaid minimum wages, breach of contract damages, and unjust enrichment damages for his last two weeks of employment.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (MINIMUM WAGE)

20. Plaintiff incorporates all allegations contained in the preceding paragraphs.

21. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

22. Defendant's failure to pay compensation to Plaintiff violates the FLSA.

23. Plaintiff is not exempt from the right to receive the appropriate minimum wage or overtime pay under the FLSA.

24. As a result of Defendant's failure to compensate its employees, including Plaintiff, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C).

25. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

26. Additionally, Plaintiff is entitled to an amount equal to unpaid wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

27. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described pursuant to 29 U.S.C. § 216(b).

28. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

29. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT

30. Plaintiff reavers and realleges paragraphs 1-17 above.

31. Defendant entered into a contract to pay Plaintiff's wages for services performed.

32. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid wages, interest, attorney's fees and costs pursuant to Texas Civil Practices and Remedies Code §38.001 and such other remedies as the court deems just and appropriate.

### COUNT III
### UNJUST ENRICHMENT

33. Plaintiff reavers and realleges paragraphs 1-17 above.

34. Plaintiff conferred a benefit on Defendant when Plaintiff completed the job for the benefit of Defendant.

35. Defendant had knowledge of the benefit Plaintiff conferred upon it, accepted the benefit conferred by Plaintiff and has failed to pay Plaintiff.

36. The circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying the Plaintiff the compensation owed.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages and costs in addition to attorney's fees and costs pursuant to Texas Civil Practices and Remedies Code §38.001.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

a. Appropriate compensation for all unpaid hours worked

b. an equal amount as liquidated damages as allowed under the FLSA;

c. damages accrued up to three years;

d.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and Texas Civil Practices and Remedies Code §38.001;

e.  pre-judgment and post judgment interest at the highest rates allowed by law; and

f.  such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: */s/ James M. Loren, Esq.*
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No.: 31186
Rachael Rustmann
Tex. Bar No.: 24073653
3102 Maple Ave, Suite 500
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:       (954) 585-4886
jloren@goldbergloren.com
ggoldberg@goldbergdohan.com
rrustmann@goldbergloren.com
*Attorneys for Plaintiffs*